## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BIO-RAD LABORATORIES, INC.      )
                                      )

            Plaintiff,        )
                                      )   C.A. No. 18-1679-RGA

            v.            )
                                      )   **JURY TRIAL DEMANDED**

10X GENOMICS, INC.          )
                                      )

            Defendant.     )

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff Bio-Rad Laboratories, Inc. ("Bio-Rad") and Defendant 10X Genomics, Inc. ("10X") (collectively, the "parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information is likely to be disclosed or produced during the course of discovery, including in responding to discovery requests or otherwise in this action, and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information;

WHEREAS good cause exists for entry of this Protective Order, see Fed. R. Civ. P. 26(c);

WHEREAS the parties agree to the terms and entry of this Protective Order;

WHEREAS, because this Order is issued to facilitate discovery under the Local Rules of this Court and the Federal Rules of Civil Procedure, discovery subject to the terms of this Order may be used only for purposes of this action, and unless modified pursuant to the terms contained herein, this Order shall remain in effect through the conclusion of this lawsuit;

WHEREAS the Parties wish to protect their respective interests and the interests of non-parties, and to facilitate the production of discovery in this action;

WHEREAS this Protective Order adopts an approach that allows the designating party to designate certain materials being produced or deposition testimony as confidential, and disclosure of materials designated as "HIGHLY CONFIDENTIAL" is limited to specified classes of persons;

WHEREAS this Protective Order provides for filing confidential materials with the Court under seal in this action, consistent with the Scheduling Order (D.I. 27), in accordance with the applicable rules and procedures;

WHEREAS this Protective Order provides that the party requesting production of the information may challenge the designating party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential;

WHEREAS, counsel for a Party receiving Confidential Information may at the time of production lack sufficient information to accept the representations made by the Producing Party or non-Party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

WHEREAS this Order allocates to the designating party the burden of justifying the confidentiality designation;

THEREFORE in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED AND ORDERED THAT:

## I.   SCOPE OF ORDER AND DEFINITIONS

1.     This Protective Order shall apply to all information, documents, and things produced, served, or otherwise provided by any Producing Party to a Receiving Party in the Proceedings including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any Party to this Action.

a.     The term "protected material" includes any information, document, or thing, or portion of any document or thing, designated under Paragraph 2 of this Order as "HIGHLY CONFIDENTIAL"

b.     The term "Producing Party" shall mean any party to this litigation and any third-party that produces, serves, or otherwise provides in this action information, testimony, documents, and things.

c.     The term "Receiving Party" shall mean any party to this action that receives information, testimony, documents, and things.

## II.   DESIGNATION OF MATERIAL AS "HIGHLY CONFIDENTIAL"

2.     The designation of material as "HIGHLY CONFIDENTIAL" as used in this Stipulated Protective Order includes information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and includes but is not limited to, any information, document, or thing that is not generally known to others and has significant competitive value such that unrestricted disclosure to others

3

would create a substantial risk of serious injury, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (b) believes in good faith is significantly sensitive or is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, (c) believes in good faith contains private or confidential personal information, (d) believes in good faith contains information received in confidence from third parties, or (e) believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Identification of types of documents in this Paragraph shall not be an admission by either party that such documents are relevant or admissible in these Proceedings. This designation includes information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, nonpublic financial data, documents that would reveal trade secrets, know-how, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party. HIGHLY CONFIDENTIAL information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. HIGHLY CONFIDENTIAL information contained in or extracted from documents, information, and things designated under this paragraph, and all copies, recordings, abstracts, excerpts, compilations, analyses, or other writings that contain, reveal, or otherwise disclose such HIGHLY CONFIDENTIAL information, shall also be deemed HIGHLY CONFIDENTIAL information.

3. Any party or third party may designate as "HIGHLY CONFIDENTIAL" all or any part of any discovery or other materials produced, served, or otherwise provided in these Proceedings, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, as set forth in Paragraph 2 above.

4. A party or third party shall designate a document or thing as HIGHLY CONFIDENTIAL by marking it prominently on its face with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL BUSINESS INFORMATION," or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" as appropriate, when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Information that is not reduced to documentary, tangible, or physical form that can be conveniently designated shall be designated as such by the Producing Party by informing the Receiving Party of the designation in writing at or before the time the information is provided to the Receiving Party. If an entire multi-page document is to be treated as HIGHLY CONFIDENTIAL information, each page of such document should be marked. In addition, to the extent practicable, each page of each document and each thing produced pursuant to discovery in these Proceedings shall bear a unique identifying number.

5. Notwithstanding such designation, HIGHLY CONFIDENTIAL information does not include information obtained independently of these Proceedings as to which no obligation of confidentiality applies. Accordingly, nothing in this Order shall prevent any person, including

5

a Qualified Person, from making use of any information that is designated as HIGHLY CONFIDENTIAL information if such information:

      a.      is determined by agreement of the parties or order of the Court to be public information,

      b.      was lawfully in his or her possession prior to receiving the information or document under the provisions of this Order,

      c.      was, is, or becomes available to the public through no fault of a Receiving Party,

      d.      is disclosed by a third party who is not subject to any confidentiality obligations at the time of the disclosure, or

      e.      is discovered independently by the Receiving Party by means that do not constitute a violation of the law or this Order.

6.      Nothing in this Order shall prevent a party or third party from redacting from documents or things, which otherwise contain relevant discoverable information, any HIGHLY CONFIDENTIAL information that is irrelevant to these Proceedings or otherwise not discoverable, such as information relating to products in development, pursuant Federal Rule of Civil Procedure 26(b).

7.      Prior to production, a party or third party may redact from all documents, e-mails, and personal electronic files all personal information, including the following: home address, home and cell phone numbers, pager numbers, names of spouses and children, credit card information, benefits information, and compensation information.

8.      Unless otherwise agreed by the parties, deposition transcripts taken in connection with these Proceedings will be temporarily designated and treated as HIGHLY

CONFIDENTIAL for up to thirty (30) calendar days after both parties have received a final transcript of the deposition, in order to give the parties or third parties the opportunity to properly designate any HIGHLY CONFIDENTIAL information in the transcript. Within those thirty (30) calendar days after receipt of the final transcript, the parties and/or third parties may designate in good faith any or all portions of the transcript as HIGHLY CONFIDENTIAL information in accordance with this Protective Order. If a transcript is not designated HIGHLY CONFIDENTIAL within those thirty (30) days, it will not be treated as HIGHLY CONFIDENTIAL. If the deposition transcript or exhibits contain HIGHLY CONFIDENTIAL information, the deposition transcript will be marked on its first page with the legend "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION," or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." A deponent may review the transcript of his or her deposition at any time. Nothing in this Paragraph shall prevent a party from showing to its own employees, officers, directors, or agents transcripts from depositions taken of its own witnesses.

9. Any documents or material provided for inspection, as opposed to produced, in these Proceedings is to be treated by the inspecting/Receiving Party as HIGHLY CONFIDENTIAL information pending the copying and delivery of any copies of the same by the Producing Party. After copies are delivered to the inspecting/Receiving Party, the information in such documents or things will be treated consistent with any legend on each document or thing. Unless otherwise agreed or ordered by this Court, inspection of documents or things by a party shall be conducted only by Outside Counsel or independent consultants or experts eligible under Paragraph 13(a) or 14(b) below.

10.	For any documents produced before the entry of this Order and marked under District of Delaware Local Rule 26.2, the Receiving Party will treat them as HIGHLY CONFIDENTIAL under this Order, unless the Producing Party subsequently designates them otherwise.

11.	Documents and things produced without a legend designating the material as HIGHLY CONFIDENTIAL shall not be subject to the protections provided in this Protective Order for HIGHLY CONFIDENTIAL information, unless otherwise agreed by the parties or ordered by the Court.

### III.	USE OF HIGHLY CONFIDENTIAL INFORMATION

12.	HIGHLY CONFIDENTIAL information, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to the information under this Protective Order, and shall not be used for any purpose other than in connection with these Proceedings, any appeal therefrom, and remands thereto. For example, the HIGHLY CONFIDENTIAL information of another party shall not be used for any research, development, commercial, marketing, regulatory, or other competitive purpose. Nothing contained in this Order shall preclude any party from using its own HIGHLY CONFIDENTIAL information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to these Proceedings and, in the course thereof, relying upon HIGHLY CONFIDENTIAL information, provided that in rendering such advice counsel shall not disclose any other party's HIGHLY CONFIDENTIAL information other than in a manner provided for in this Order.

## IV. ACCESS TO HIGHLY CONFIDENTIAL INFORMATION

13. Material designated "HIGHLY CONFIDENTIAL" under paragraph 2 may be disclosed only to the following individuals:

a. Outside counsel of record for the Receiving Party; their law firms, including their attorneys and contract attorneys; and excluding any person who is an employee, director, or officer of a party or a party's affiliates even if that person appears on the pleadings as counsel for a Party;

b. Outside experts or consultants retained by outside counsel for the purposes of this action, provided they have complied with the procedure of Paragraph 15 herein, and excluding individuals who are a current employee, officer, or director of a Party or of a competitor of a Party or who, at the time of retention, anticipate becoming an employee, officer, or director of a Party or of a competitor of a Party;

c. Supporting personnel employed, retained, or engaged by the forgoing such as secretarial, paralegal, clerical, duplicating and data processing personnel;

d. The Court and court personnel in this action and any appeal of this action;

e. Persons, including deponent or trial witnesses, if it appears that the person authored or received a copy of it, was involved in the subject matter described therein, has or would be expected to have prior knowledge of it, or is employed by the party who produced the information, document or thing, or if the designating party consents to such disclosure; and

f. Vendors retained by or for the parties to assist in preparing for discovery, trial and/or hearings including, but not limited to, court reporters, court videographers, litigation support personnel, jury or trial consultants, legal translators, individuals to prepare demonstrative and audiovisual aids or exhibits for use in the courtroom or in depositions, and other professional providers of litigation support services (e.g., photocopying, organizing, storing, or retrieval of

data in any form or medium, producing documents, designing, preparing exhibits, creating graphics), as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials. If necessary, the parties will confer in good faith concerning procedures for the possible use of Highly Confidential materials during mock trial sessions;

g.    A designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the form attached hereto as Exhibit A.

14.    Protected material shall be used only by individuals permitted access to it under Paragraph 13 and shall be used only for purposes of this action. A Receiving Party shall maintain all received HIGHLY CONFIDENTIAL information shall be held in confidence by each person to whom it is disclosed under Paragraph 13 and shall not be used for any business purpose or in connection with any other legal proceeding (absent further agreement by the parties), and shall not be disclosed to any person who is not entitled to receive such Material as herein provided. All HIGHLY CONFIDENTIAL information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. HIGHLY CONFIDENTIAL material, copies thereof, and the information contained therein, shall not be disclosed by a Receiving Party in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders or permits such disclosure, or concludes that the information is not HIGHLY CONFIDENTIAL. Nothing herein shall prevent: (a) any party from disclosing its own protected materials in any manner that it considers appropriate; or (b) counsel for any party from showing or using protected materials during examination, at deposition, or at trial, to any current or former director, officer, employee, retained expert or consultant, or other witness of the

designating party. Further, nothing herein shall prevent counsel from showing any individual protected materials which it appears from the face of the document that such individual authored or received a copy of outside of this action.

15. Before disclosing another party's HIGHLY CONFIDENTIAL information to an outside consultant or expert under Paragraph 13(b), the party shall:

a. Provide to the Producing Party: (a) a signed copy of the Certification found in Exhibit A of this Order; (b) a current resume (*curriculum vitae*) for the consultant or expert including a list of publications; and (c) a list of any other cases in which the consultant or expert has testified as an expert at trial or by deposition within the preceding four (4) years.

b. Once the Producing Party has received the requisite documents and consultant/expert information, the Producing Party shall then have ten (10) calendar days to provide a written objection to the proposed disclosure of its HIGHLY CONFIDENTIAL information, including the specific reason(s) for such objection. During this time period, that party's protected material will not be disclosed to the expert or consultant. The objecting Party's consent to the disclosure of HIGHLY CONFIDENTIAL information to an outside expert or consultant shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Designated Material to the outside expert or consultant will result in specific business or economic harm to that Party. If the designating party fails to object within the prescribed period, any objection to such disclosure shall be waived. If a timely written objection is made: (i) there shall be no disclosure of the HIGHLY CONFIDENTIAL information to the consultant or expert, except by further order of the Court or by agreement by the parties, (ii) the parties agree to promptly meet and confer in good faith regarding the basis for (and resolution of) the objection, and (iii) if the parties cannot reach an agreement, the party

objecting to the disclosure of information to the consultant/expert may pursue the issue via the Court's established discovery dispute procedures within seven (7) calendar days of the meet and confer. On any motion brought pursuant to this Paragraph, the objecting party shall bear the burden of showing why disclosure of information to that consultant/expert should be precluded. Failure to timely object or to timely seek adjudication by the Court will act as a waiver of the objection, and HIGHLY CONFIDENTIAL information can be disclosed to the consultant or expert.

## V. USE OF CONFIDENTIAL MATERIALS FROM PREVIOUSLY PROCEEDINGS BETWEEN THE PARTIES

16. The parties have engaged in previous litigations: *Certain Microfluidic Devices*, Inv. No. 337-TA-1068 ("1068 Investigation"); *Certain Microfluidic Systems*, Inv. No. 337-TA-1100 ("1100 Investigation"); *Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*, Case No. 1:15-cv-00152 (D. Del.) ("152 Action"); *In re Matter of the Arbitration between Bio-Rad Laboratories, Inc. & Bio-Rad QL, Inc. v. Benjamin Hindson, Kevin Ness, & Serge Saxonov*, Case No. 01-14-0001-5239 (American Arbitration Association Commercial Arbitration Tribunal) ("Arbitration"); *Bio-Rad Laboratories, Inc. v. 10X Technologies, Inc.*, Case No. MSC14-01751 (Cal. App. Dep't Super. Ct.) ("Trade Secret Litigation") (collectively, "Previous Litigations").

17. The parties agree that each party will produce in this action all the documents it previously produced in the 1100 Investigation with the same production numbers, confidentiality stamping, imaging, native files, text files, and metadata. To produce this information in this action, each party agrees to provide the other party with a list of beginning and end production numbers for each document being produced in this action from the 1100 Investigation. The documents, images, native files, text files, and metadata associated with the identified production numbers can be used by the parties in this proceeding to the same extent as any other produced

document. At any point, if either party needs replacement copies of image files, native files, metadata, or other information for some or all of the documents produced in this action that were also produced in the 1100 Investigation, the parties will meet and confer in good faith to reach a mutually agreeable solution. This provision does not apply to any documents from third parties that are not a party to this action.

18.     Documents from the Previous Litigations that were stamped with any confidentiality designation (e.g., CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER; CONFIDENTIAL, HIGHLY CONFIDENTIAL, OUTSIDE ATTORNEYS' EYES ONLY), shall be treated as HIGHLY CONFIDENTIAL under this Protective Order. Documents produced by the parties to this action in Previous Litigations that contain third party confidential information shall not be used or relied on without first obtaining the third party's permission or removing or redacting such confidential information.

19.     If a party learns of documents from Previous Litigations other than the 1100 Investigation that were not produced in the 1100 Investigation, the party will produce those documents in this action. This provision does not apply to any documents from third parties that are not a party to this action.

20.     The parties agree that prior discovery responses, pleadings, briefing, expert reports, disclosures, and stipulations served or filed by the parties and transcripts (including without limitation deposition transcripts, hearing transcripts, trial transcripts, transcripts of fact witnesses, and transcripts of expert witnesses) from the Previous Litigations shall be treated as discovery in this action. Each party shall produce to the other parties the discovery responses and transcripts not already produced in the 1100 Investigation from their respective witnesses, redacting where necessary to exclude confidential information from people or entities that are

not a party to this action. This provision does not apply to the deposition transcripts of third parties that are not a party to this action (including former employees who were not employees at the time of their deposition), but does apply to the full transcript of each hearing or trial.

21.     Party depositions from the Previous Litigations will be treated as if taken in this action. Trial or hearing testimony shall be treated the same as deposition testimony taken in this action. Each transcript shall be treated as though designated HIGHLY CONFIDENTIAL pursuant to Paragraph 2, unless portions were public, portions have been made public, or the transcript has otherwise had specific portions identified as non-confidential. Depositions that contain third party confidential information shall not be used or relied on without first obtaining the third party's permission or removing or redacting such confidential information.

22.     The parties reserve their respective rights to object to the admissibility or relevance of any documents, testimony, or other information produced, served, transcribed, or filed in the Previous Litigations in this action.

## VI.     CHALLENGING A "HIGHLY CONFIDENTIAL" DESIGNATION

23.     A party receiving documents or things shall not be obligated to challenge the propriety of a HIGHLY CONFIDENTIAL information designation (or re-designation) at the time the document or thing is produced, and a failure to do so shall not preclude a subsequent challenge thereto. If a Receiving Party disagrees at any time with a HIGHLY CONFIDENTIAL information designation made by another party or a third party, the following procedure shall be used:

a.     The party seeking to change the designation of another party's documents, things, or information shall provide the Producing Party written notice specifying the documents, things, or information for which a change in designation is sought, and the reasons for the request. The Producing Party shall have seven (7) calendar days after receipt of the written

14

notice within which to object in writing to the change in designation or removal of protection afforded by this Order and to specify why protection under this Order is appropriate.

b. If the Producing Party objects in writing within seven (7) calendar days of receiving such a written notice, both parties shall meet and confer within four (4) calendar days of receiving the objections in an attempt to resolve the dispute without involvement of the Court. If the Producing Party does not object in writing within seven (7) days, the documents will no longer be treated as HIGHLY CONFIDENTIAL.

c. If the parties and/or third parties cannot reach agreement concerning the change in designation, the party seeking the removal of protection for the HIGHLY CONFIDENTIAL information may pursue the issue via the Court's established discovery dispute procedures within seven (7) days of the meet and confer.

d. The parties shall continue to treat the document(s) or thing(s) at issue as HIGHLY CONFIDENTIAL information (according to the original designation(s)) until the dispute is resolved by Order of this Court, or by agreement of the parties and/or third parties.

e. On any motions arising out of the designation of any material as HIGHLY CONFIDENTIAL information under this Order, the burden of justifying the designation shall lie with the Producing Party.

## VII.   INADVERTENT PRODUCTION OF CONFIDENTIAL OR PRIVILEGED MATERIAL

24. A Producing Party's inadvertent failure to designate Discovery Material as HIGHLY CONFIDENTIAL pursuant to this Protective Order shall not constitute a waiver of its rights to subsequently make an appropriate designation, provided that the Producing Party notifies the Receiving Party of the correct designation within ten (10) days of learning of its

inadvertent failure to so designate. The Producing Party shall provide replacement pages bearing the appropriate confidentiality legend as soon as reasonably possible.

25. A Receiving Party's use of such Discovery Material before receiving notice of the inadvertent failure to designate shall not constitute a violation of the Protective Order. Upon receiving such notice, the Receiving Party shall treat such Discovery Material according to its designation under the Protective Order. In the event the Discovery Material has been distributed in a manner inconsistent with this designation, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies in its possession, or notes or extracts thereof, to the persons authorized to possess such documents. In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the Receiving Party deems the making of the request to be a futile act, the Receiving Party shall promptly notify the Producing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party. This provision shall not preclude the filing of a motion at a later date challenging the propriety of the designation.

26. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of protected material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified

by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated as HIGHLY CONFIDENTIAL within a reasonable time after discovery of the misdesignation or disclosure. Such notice shall constitute a designation of the information, document or thing as protected material under this Protective Order.

27.     If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege, doctrine, right, or immunity, or ground for withholding production is inadvertently or unintentionally produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of, or otherwise prejudice or estop, any claim of attorney-client privilege, attorney work product immunity, or other legal privilege, doctrine, right, immunity or ground for withholding production to which the Producing Party, third party, or other person otherwise would be entitled. The protections afforded such inadvertent production herein shall be at least as protective as those provided in Fed. R. Civ. P. 26(b)(5)(B) and/or Fed. R. Evid. 502.

28.     Any Producing Party disclosing or producing documents, information, or materials in connection with this action that inadvertently produces information that it believes is protected by the attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity must promptly notify the Receiving Party upon learning of the inadvertent or unintentional production to obtain the destruction or return of those materials. If a Receiving Party receives materials that bear a legend or other marking indicating that the materials are subject to an attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials

are privileged, and shall immediately notify the Producing Party in writing that he or she possesses material that appears to be privileged.

29. If a written claim of inadvertent production of privileged information is made by a Producing Party to a Receiving Party, the Receiving Party shall:

a. immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned to counsel for the Producing Party present at the deposition or destroyed if they contain privileged markings made by the Receiving Party;

b. within three (3) business days of receiving a written request from the Producing Party, the Receiving Party shall destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information, and all documents or material derived from or based on the privileged information. In no case will the return or destruction of any document demanded pursuant to this section be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel; and within five (5) days after providing notification, the Producing Party shall provide a privilege log for those materials. Notwithstanding this provision, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business.

30. Nothing herein shall prevent a Receiving Party from challenging the propriety of any claim of attorney-client privilege, work product immunity, or other privilege designation for

any inadvertently produced document, except that the inadvertent disclosure shall not be a basis for any such challenge. The Producing Party shall maintain for the duration of the Proceedings a copy of any inadvertently produced document for which it made a subsequent claim of attorney-client privilege, work product immunity, or other privilege. Despite the existence of a challenge, any inadvertently produced document that is returned based on a claim of attorney-client privilege, work product immunity, or other privilege shall be treated as if it were properly covered by the asserted attorney-client privilege, work product immunity, or other privilege unless and until the challenge is resolved in favor of the Receiving Party.

31. Nothing in this Protective Order shall require production of Material that a Party contends is protected from· disclosure by the attorney-client privilege, the work product immunity, or any other privilege, doctrine, right, or immunity.

## VIII. LOGGING OF PRIVILEGED DOCUMENTS

32. The Parties agree that, excepting privilege logs required under the preceding section, the Parties are not obligated to log withheld, privileged documents in this action. However, to the extent that a Party intends to rely on an opinion of counsel for any purpose in this action, then any withheld communications between the Party and opinion counsel or between opinion counsel and litigation or IPR counsel must be logged, notwithstanding any other agreement in this paragraph. A party, upon a specific showing of good cause, may seek additional privilege logging regarding a specific and narrowly tailored issue. Upon a request for a privilege log, the parties shall meet and confer and will follow the provisions for resolving discovery and Protective Order disputes outlined in paragraph 3(i) of the Scheduling Order (D.I. 27).

## IX.  USE OF HIGHLY CONFIDENTIAL INFORMATION IN FILINGS AND IN OPEN COURT

33.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

34.     The Clerk of Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule 5.1.3, which has been designated, in whole or in part, as containing or revealing HIGHLY CONFIDENTIAL information under this Stipulated Protective Order. All such papers submitted to the Court will be filed under seal with the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" in the caption.

35.     The Parties agree to meet and confer in advance of any hearings and trial regarding the use of HIGHLY CONFIDENTIAL information at same.

36.     In the event that a party or third party wishes to use any HIGHLY CONFIDENTIAL information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court to be maintained under seal, such paper shall be enclosed in a sealed envelope or other appropriate container. The outside of the sealed envelope or other appropriate container shall state and include:

        a.     the caption of this case, including the case number;

        b.     the title of the enclosed document;

        c.     the name of the party or third party entity filing the document (if the filing entity is not of record in the case, also include a contact name, telephone number, and e-mail address); and

        d.     the following legend:

CONTAINS HIGHLY CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER: This envelope [or container] is sealed pursuant to court order and contains highly confidential information. The contents of this envelope [or container] must not be shown to any person except as authorized by the Stipulated Protective Order in this action.

37.     Any health information that is protected under state or federal privacy laws and is disclosed in discovery by a party or third party to these Proceedings shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an order of the Court sealing the courtroom. The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of HIGHLY CONFIDENTIAL information.

38.     Outside counsel for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this action without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel, or as otherwise provided for herein.

## X.     DISPOSITION OF HIGHLY CONFIDENTIAL INFORMATION AFTER CONCLUSION OF THESE PROCEEDINGS

39.     Upon the final non-appealable termination of these Proceedings, all HIGHLY CONFIDENTIAL information received from an opposing or third party (and all copies and transcriptions thereof, and documents containing information derived from HIGHLY CONFIDENTIAL information), shall be destroyed or returned to the Producing Party within ninety (90) calendar days. Outside Counsel, however, may retain (even if such documents or things contain HIGHLY CONFIDENTIAL information) all correspondence, pleadings and exhibits, deposition transcripts and exhibits, expert reports and exhibits, hearing and trial transcripts and exhibits, court-filed documents and exhibits, and all documents and things

containing or reflecting attorney work product. Documents and work product retained by Outside Counsel shall remain subject to the terms of this Order. Pursuant to this Paragraph, after ninety (90) calendar days following final non-appealable termination of these Proceedings, no person or entity other than Outside Counsel shall retain any HIGHLY CONFIDENTIAL information that it received from another party during the course of the Proceedings, including but not limited to HIGHLY CONFIDENTIAL information in the form of notes, recordings, memoranda, summaries or other written materials relating to or containing another party's HIGHLY CONFIDENTIAL information.

## XI.   PROSECUTION BAR

40.    Absent written consent from the Producing Party, any attorney, patent agent or paralegal for or representing a party who receives access to HIGHLY CONFIDENTIAL information shall not be involved in the prosecution of patents or patent applications relating to droplets in microfluidic devices, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar shall apply to individuals only and shall not be applied to an entire law firm. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue, and reexamination proceedings). To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent in a proceeding before a domestic agency (including a reissue protest, ex parte reexamination, inter partes review, post-grant review, or inter partes reexamination) or representing a party defending a patent that has been challenged in a proceeding before a domestic agency (including a reissue protest, ex parte reexamination, inter

partes review, post-grant review, or inter partes reexamination), to the extent the counsel's activities do not include the drafting or amending of patent claims, or advising others regarding the drafting or amendment of patent claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## XII.  E-DISCOVERY

41.     The parties agree to the following modifications to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereinafter "Default Standard," document available at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and incorporated herein by reference):

      a.     File path and conversation index metadata need not be produced.

      b.     Absent a showing of good cause, all search terms to be run on ESI pursuant to paragraph 5(b) of the Default Standard shall be identified by the requesting party, along with a specific identification of the ESI to be searched (e.g., the email custodians), no later than December 13, 2019. The Producing Party shall provide the requesting party with the number of hits per term within four (4) business days. Email attachments will be included in the hit count. The requesting party may narrow its searches through January 6, 2020, and for each modification the number of hits per term will be provided by the Producing Party within four (4) business days. Absent a showing of good cause, the total number of hits in each search may not exceed 10,000 on January 6, 2020. The parties may review the documents identified based on search terms for responsiveness and privilege prior to production. The Producing Party may use privilege terms to identify privileged documents, and need not disclose those privilege terms to the other party.

## XIII. ADDITIONAL PROVISIONS

42. This Order shall be binding upon the parties to these Proceedings and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

43. This Order shall apply to all information and material produced in these Proceedings, including all previously produced information and material prior to the execution of this Order by the Court.

44. The parties agree that the following documents will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants, or declarants, or communications between experts, their staff or assistants, and/or counsel, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); and (c) experts', affiants', and declarants' notes, drafts, and working papers regarding documents such as reports, disclosures, declarations, affidavits, statements, or any other form of testimony. Communications shall be discoverable only to the extent that the expert in a disclosure has expressly relied on that communication as a basis for an opinion.

45. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified, provided that any such stipulated modification concerning the use of any health information that is protected under state or federal privacy laws, or other applicable personal data protection laws, and is disclosed in discovery by a party or third party to these Proceedings shall be presented to the Court.

46. This Order shall continue in force until amended or superseded by express order of the Court. This Order shall survive termination of these Proceedings, including any final

judgment, appeal, or settlement to the extent the HIGHLY CONFIDENTIAL information is not or does not become known to the public.

47. Nothing in this Order shall prejudice the right of any party or third party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

48. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date Counsel of Record for such Party executes this Protective Order, even if prior to entry of this Order by the Court.

49. **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as HIGHLY CONFIDENTIAL pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**AGREED**:

*/s/ Bindu A. Palapura*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Alan R. Silverstein (#5066)
Tracey E. Timlin (6469)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
asilverstein@potteranderson.com
ttimlin@potteranderson.com

*/s/ Jason James Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason James Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Suite 600
920 N. King Street
Wilmington, DE 19801
(302) 651-7898
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Of Counsel:*
David Bilsker
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600

Kevin P.B. Johnson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5015

Anne S. Toker
James E. Baker
Nathan Sun
Monica Tarazi
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000

Jeffrey C. Wu
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

*Attorneys for Plaintiff Bio-Rad
Laboratories, Inc.*

*Of Counsel:*
Matthew D. Powers
Paul T. Ehrlich
Robert L. Gerrity
Daniel M. Radke
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
(650) 802-6000
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
daniel.radke@tensegritylawgroup.com

Azra Hadzimehmedovic*
Aaron Nathan
Samantha A. Jameson
TENSEGRITY LAW GROUP LLP
8260 Greensboro Drive, Suite 260
McLean, VA 22102
(650) 802-6000
azra@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com

*Admitted in DC & CA only

*Attorneys for Defendant 10X Genomics, Inc.*

Dated: August 2, 2019
6332597/45514

SO ORDERED this 5 day of August , 2019

_____
The Honorable Richard G. Andrews
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIO-RAD LABORATORIES, INC.

Plaintiffs,

v.

C.A. No. 18-1679-RGA

10X GENOMICS, INC.

Defendants.

## CERTIFICATION REGARDING PROTECTIVE ORDER

1.  I, _____, have been asked by counsel for Plaintiffs / Defendants [circle one] in one or more of the above-captioned matters to review certain confidential documents or other information that is subject to the Stipulated Protective Order that has been or will be entered by the District Court for the District of Delaware in the above-captioned cases.

2.  My present employer is _____ and the address of my present employer is _____. My present occupation or job title/description is _____.

3.  I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand its provisions.

4.  I will comply with all provisions of the Protective Order, including but not limited to the following:

    a.  I will not disclose any information, documents, or things designated as HIGHLY CONFIDENTIAL information to anyone other than those persons specifically

authorized by the Protective Order. I will retain all HIGHLY CONFIDENTIAL information, documents, and things in a secure manner in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any HIGHLY CONFIDENTIAL information are to be returned to counsel who provided me with such material or destroyed.

        b.      I will not use any HIGHLY CONFIDENTIAL information for any purpose other than the above-captioned cases.

        c.      When requested to do so, I will return all materials containing HIGHLY CONFIDENTIAL information, and all documents and things that I have prepared relating thereto.

    5.      I will take reasonable steps to restrict access to any HIGHLY CONFIDENTIAL information to only those persons authorized by the Protective Order to have such access. I will inform any of my employees or staff who encounter HIGHLY CONFIDENTIAL information of the terms of the Protective Order.

    6.      I understand that my obligations regarding HIGHLY CONFIDENTIAL information under the Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing HIGHLY CONFIDENTIAL information, as well as any knowledge or information derived from any such information I receive during this action.

    7.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court, and that the parties or third-parties that designated the information as HIGHLY CONFIDENTIAL information may assert other remedies against me.

    8.      I voluntarily submit to the jurisdiction of the United States District Court for District of Delaware with respect to the enforcement of the Stipulated Protective Order, or with respect to any other order issued by the Court governing the use of confidential information. I hereby submit

to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

_____