IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIO-RAD LABORATORIES INC.,

                   Plaintiff,

      v.

10X GENOMICS, INC.,

                  Defendant.

Civil Action No. 18-1679-RGA

MEMORANDUM ORDER

Presently before the Court is Defendant's motion to stay pending *inter partes* review. (D.I. 108). I have reviewed the parties' briefing. (D.I. 109, 116, 124).

Plaintiff's complaint asserts infringement of U.S. Patent Nos. 9,562,837 ("the '837 patent") and 9,896,722 ("the '722 patent"). I denied Defendant's motion to dismiss Plaintiff's claims based on patent ineligibility on April 8, 2019. (D.I. 20). On April 27, 2020, the Patent Trial and Appeal Board instituted *inter partes* review ("IPR") proceedings on all asserted claims of the patents-in-suit. (D.I. 110, Exs. 1-4).

The Court set a schedule for the case on June 11, 2019, initially assigning a trial date of April 26, 2021. (D.I. 27). Plaintiff first identified asserted claims and accused products on July 3, 2019.  Plaintiff amended the list of asserted claims and added additional accused products on September 17, 2019. (D.I. 41). Plaintiff first provided objections and answers to Defendant's discovery requests on August 7, 2019. (D.I. 34). Plaintiff provided infringement contentions on September 18, 2019. (D.I. 42). Defendant filed its petitions for IPR on October 25, 2019. Defendant served invalidity contentions on October 30, 2019. (D.I. 52). Both parties stipulated to

extend the schedule by three months, and the Court ordered a new trial date of September 13, 2021. (D.I. 64, 72).

The standard for granting a stay involves consideration of three factors:

(1) whether granting a stay will simplify the issues for trial;

(2) whether discovery is complete and a trial date is set; and

(3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage.

*Huvepharma Food v. Associated British Foods, PLC*, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019).

When review is instituted on the validity of a patent claim, there is the potential for simplification of issues for trial.  Claims may be invalidated.  Or invalidity defenses that would otherwise be tried are no longer available due to the statutory estoppel.  There could even be a benefit gained from more intrinsic evidence relevant to claim construction.  Here, the PTAB found a "reasonable likelihood" that Defendant would prevail on a total of eight grounds, four per patent. (D.I. 109, Ex. 1 at 6, 54; Ex. 2 at 6, 55; Ex. 3 at 6, 47-48; Ex. 4 at 6, 51-52.). The final written decisions in the four IPR proceedings are due by April 27, 2021. Trial is now set for September 13, 2021, which is after the IPRs will be finally determined by the PTAB. The pending IPRs have the potential significantly to simplify the issues for trial including by invalidating all asserted claims of the two patents, which would make a trial unnecessary. *See Huevapharma*, 2019 WL 3802472, at *1. Therefore, the first factor supports granting a stay.

Stays are favored when the "most burdensome stages of the case – completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice – all lie in the future."

*IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). Here, document production is not substantially complete, no depositions have been taken, the *Markman* hearing has not yet been conducted, expert discovery has not begun, and trial is more than a year away. Thus, "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *Id.* (internal citation omitted); *see also Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) (staying the case pending IPR even though the *Markman* order had issued and expert discovery was nearly complete); *Huvepharma*, 2019 WL 3802472, at *1 (granting stay when document discovery was substantially complete, fact depositions had started, and the *Markman* order had issued). Therefore, the second factor supports granting a stay.

In analyzing whether the plaintiff would suffer undue prejudice, courts have examined four factors: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *British Telecommc'ns PLC v. IAC/InterActiveCorp*, 2019 WL 4740156, at *5 (D. Del. Sept. 27, 2019). The IPR petitions were filed at the end of the prescribed statutory period. I do not find, however, that this weighs against granting a stay where, after I denied Defendant's motion to dismiss, Plaintiff served an amended identification of asserted claims. Just over one month after Defendant received Plaintiff's amended disclosures, Defendant filed its petitions. (D.I. 109 at 11). Courts have found that filing a motion to stay "within ten days after the IPR institution decision" shows diligence. *Id*. Defendant filed its stay motion nine days after the institution decision. The PTAB should have a decision in a little over ten months.  Thus, there will be delay that will work to Plaintiff's detriment if the PTAB decision is in its favor, but the delay should not be too great.  The parties are competitors, but I do not think that any resulting prejudice from

a stay would be "undue." Together, these factors are mixed, but they certainly do not sufficiently

support denying a stay so at to outweigh the reasons for granting a stay.

      Considering all circumstances, I find a stay is warranted. Therefore, Defendant's motion

to stay (D.I. 108) is **GRANTED**.

Entered this 2nd day of June, 2020.

   /s/ Richard G. Andrews     
United States District Judge